UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nelson Patz, | ) |
| Plaintiff, | ) C.A. No.: 6:10-cv-01149-JMC |
| v. | ) **ORDER AND OPINION** |
| Utility Software of America, Inc., Utility Partners of America, Inc., UPA Acquisition Co., LLC, Michael Cale, and System One Holdings, LLC, | ) |
| Defendants. | ) |

This matter is before the court on Defendants System One Holdings, LLC ("System One") and UPA Acquisition Co., LLC's ("UPA Acquisition," and collectively "Defendants") Motion for Reconsideration of the Court's March 11, 2011, Order Denying Defendants' Motion to Dismiss [Doc. 52]. For the reasons stated below, the court grants Defendants' motion for reconsideration.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Nelson Patz is a minority shareholder of Defendant Utility Software of America, Inc. ("USA"), a South Carolina corporation. USA was involved in the business of programming and development of the Automated Work Order System and Automatic Logging Software used in smart metering applications. Defendant Utility Partners of America, Inc. ("UPA") is in the business of installing "smart automatic meter reading (AMR) meters." A majority of UPA's clients are utility companies nationwide. Plaintiff initiated this action, claiming a "freeze out" by USA and its majority shareholder, Michael Cale. Cale is also alleged to be the majority shareholder of UPA. The complaint alleges that Cale breached his fiduciary duty to the minority shareholders of USA by causing certain software supposedly owned by USA to be renamed and fraudulently misappropriated

1

by UPA. Plaintiff alleges UPA entered into an Asset Purchase Agreement with UPA Acquisition, and contrary to the interests of USA, intentionally misappropriated the software assets of USA, to the company's detriment, and, allegedly to the benefit of UPA and System One, under the guise of UPA Acquisition. Plaintiff's only claim against Defendants UPA Acquisition and System One is one for unjust enrichment.

Defendants made a motion before this court seeking dismissal of Plaintiff's unjust enrichment claim against them. The court denied the motion, noting that Plaintiff had sufficiently pleaded his cause of action for unjust enrichment. Defendants now request that the court reconsider its denial of Defendants' motion to dismiss. On reconsideration, Defendants do not dispute the court's finding that Plaintiff's Complaint was sufficient to withstand scrutiny under the *Iqbal*[1] and *Twombly*[2] standards. Instead, Defendants argue that the court overlooked and did not address two dispositive legal arguments raised in Defendants' motion papers. Specifically, Defendants contend that the court overlooked the fact that Plaintiff failed to make a demand on the board of directors of Utility Software of America, Inc. ("USA") prior to filing suit as required under South Carolina law. Additionally, Defendants assert that the court overlooked Defendants' legal argument that Plaintiff's unjust enrichment claim is preempted by federal copyright law.

## STANDARD OF REVIEW

A court may alter or amend a judgment if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at the time of the ruling; or (3) that there has been a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

---

[1] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[2] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)

**DISCUSSION**

I.   **Demand Prerequisite**

Defendants argue that the court should reconsider its order denying their request for dismissal of Plaintiff's unjust enrichment claim against them because Plaintiff failed to make a proper demand on the USA board of directors prior to filing suit or explain with particularity why such a demand would have been futile, as required by South Carolina law and Rule 23.1(b) of the Federal Rules of Civil Procedure.

In evaluating a derivative claim brought in federal court, the court must determine the adequacy of pleading under federal law, but must apply the substantive law of the state of incorporation to determine the sufficiency of a pre-suit demand. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991). Under Federal Rule of Civil Procedure 23.1(b)(3), a complaint must "state with particularity: a) any effort made by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and b) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). Under South Carolina law, "[a]t a minimum, a demand must identify the alleged wrongdoers, describe the factual basis of the wrongful acts and the harm caused to the corporation, and request remedial relief. Such a pre-suit demand must be alleged, not in a conclusory fashion, but through particularized allegations." *Carolina First Corp. v. Whittle*, 343 S.C. 176, 189, 539 S.E.2d 402, 409-10 (Ct. App. 2000) (citations and quotation marks omitted).

In his Complaint, Plaintiff makes two allegations directly addressing the matter of a pre-suit demand. Specifically, Plaintiff alleges that "The Plaintiff is entitled to a full accounting of the finances of USA, which he, as well as his Counsel, requested on numerous occasions without success." *See* Complaint ¶ 15 [Doc. 1]. Plaintiff further alleges that "Because Defendant Cale was, at all times relevant hereto, the President of USA, as well as a majority shareholder, making a

demand on USA via Defendant Cale would have been futile. Nonetheless, on July 14, 2009, the Plaintiff made such demand through Counsel. A copy of this Demand is attached hereto as Exhibit 'B'." *Id*. at ¶ 20. The letter attached to the Complaint outlines Plaintiff's intention to "commence a derivative action" and further notes that the "claim arises out of the failure of the corporation to issue an appropriate accounting after repeated demands, as well as multiple breaches of fiduciary duty engaged in by the majority shareholders." *See* [Doc. 36-2]. Notably, the letter does not identify UPA Acquisition or System One as the alleged wrongdoers, describe any wrongful acts by UPA Acquisition or System One, or indicate what actions Plaintiff wanted the corporation to take to redress the alleged wrongful conduct. As a result of the deficiencies outlined above, the court finds that Plaintiff did not make a sufficient pre-suit demand.

However, Plaintiff also alleges that such demand should be excused because it would have been futile. South Carolina law excuses pre-suit demands in derivative actions where the demand would be made to the alleged wrongdoers, such as circumstances where the majority shareholders are alleged to have committed the wrong against the corporation. *See Grant v. Gosnell*, 266 S.C. 372, 376, 223 S.E.2d 413, 414-15 (1976). In this case, Plaintiff has alleged that Defendant Michael Cale is the majority shareholder of USA and served in the capacity as president of USA and various positions with other defendants in this action. Plaintiff also alleged that he had made repeated requests to Defendant Cale for an accounting which were rejected by Defendant Cale. Taking Plaintiff's allegations as true, the court finds that Plaintiff has pleaded sufficient facts to support a finding that his failure to make a proper pre-suit demand should be excused.

**II.     Preemption**

Alternatively, Defendants argue that Plaintiff's claim against them for unjust enrichment should be dismissed because the claim is preempted by federal copyright law.

4

A South Carolina state law claim for unjust enrichment will be preempted by federal copyright law where the work at issue is "within the scope of the subject-matter of copyright law" and "the rights granted under state law are equivalent to the exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F.Supp.2d 533, 535 (E.D. Va. 2005) (quoting *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir.1997)) (quotation marks omitted).

In his Complaint, Plaintiff alleges that UPA Acquisition and System One have been unjustly enriched by their use of USA software which Plaintiff further alleges was conveyed to UPA Acquisition and System One through Defendants Cale and UPA's fraudulent misappropriation of the software. *See* Complaint, at ¶ 10 [Doc. 1]. Plaintiff concedes that the software at issue in this case falls within the subject-matter of copyright law. However, Plaintiff asserts that he is seeking to vindicate rights that are outside the scope of federal copyright. Plaintiff argues to the court that he is not asserting a claim of copyright infringement against Defendants, but instead, one more in the nature of a claim for a failure to pay. In support of this argument, Plaintiff notes that his claim against Defendants is "focused on his rights as a purported co-owner of the intellectual property to receive an accounting and share of the proceeds derived from the work." *Plaintiff's Memorandum in Opposition to Defendant's System One's and UPA Acquisition's Motion for Reconsideration of the Court's March 11, 2011 Order Denying Defendants' Motion to Dismiss*, at 17 [Doc. 59]. However, Plaintiff's right to an accounting and share of the proceeds is a claim to be pursued against the co-owner of the copyright. Additionally, the factual allegations in the Complaint, to which the court is confined on review of a motion to dismiss, indicate that Plaintiff's unjust enrichment claim against Defendants arises from their use and distribution of software which was allegedly wrongfully derived from Defendants Cale and UPA's misappropriation of the USA software. Accordingly, the

5

court rejects Plaintiff's assertion that his unjust enrichment claim is qualitatively different from the rights protected by federal copyright law and finds that the claim is preempted.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants System One Holdings, LLC and UPA Acquisition Co., LLC's Motion for Reconsideration of the Court's March 11, 2011, Order Denying Defendants' Motion to Dismiss [Doc. 52]. Accordingly, the court **DISMISSES** Plaintiff Nelson Patz's claim against these Defendants for unjust enrichment.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 10, 2012
Greenville, South Carolina